**Michael Fuller, OSB No. 09357**
Lead Attorney for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570


(additional counsel on signature page)


UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **TIMOTHY WALTON,** a California consumer, individually and on behalf of all others, <br><br> Plaintiff, <br><br> v. <br><br> **TELECOMPUTER SERVICES, INC.** dba **SPIRIT ONE**, **INC.,** an Oregon corporation, and **JOHN OGDEN**, an Oregon individual, <br><br> Defendants. | Case No. 3:17-cv-1795 <br><br> **CLASS ACTION ALLEGATION COMPLAINT** <br><br> Unlawful Trade Practices <br> Unjust Enrichment <br><br> 28 U.S.C. § 1332 <br><br> Demand for Jury Trial |

**COMPLAINT** – Page 1 of 15

1.

## THE PARTIES

Defendant Telecomputer Services, Inc. is an Oregon corporation. Defendant John Ogden is an individual residing in Oregon. Telecomputer Services, Inc. and Mr. Ogden are collectively referred to as "defendants" in this complaint. Together, defendants advertised and operated as a Portland internet service provider doing business as Spirit One. At all times material to this complaint, Mr. Ogden has been the operator, owner, chief executive, and president of the now inactive Telecomputer Services, Inc. As of the date of this complaint, https://spiritone.com continues to do business, and contains a message titled "SpiritOne Internet Services Announcement", signed "Sincerely, SpiritOne Support Team", claiming to be designed by "SpiritOne Internet Services, Inc."

2.

Upon information and belief, at all times material, Telecomputer Services, Inc. remained significantly underfunded, failed to implement industry-standard technology safeguards, failed to observe corporate formalities, and co-mingled assets, in part to avoid liability from ongoing complaints and claims against it. As alleged in this complaint, defendants worked in concert with one another, including as principal and agent, in a concerted effort to advertise and operate its internet

**COMPLAINT** – Page 2 of 15

services business in willful violation of the Oregon Unlawful Trade Practices Act ("UTPA").

3.

Under these circumstances, at their option, plaintiff and the putative class may pierce Telecomputer Services, Inc.'s corporate veil and hold Mr. Ogden jointly responsible for the behavior alleged in this complaint. Plaintiff may intend to amend this complaint to include additional defendants as information is learned in discovery. In the regular course of their business as an internet service provider primarily for personal, family and household purposes, defendants advertised that consumers could pay defendants a service fee to access defendants' services, including email server access, website hosting access, and internet access (the "services"). Specifically, defendants represented to the public that their email servers for spiritone.com and aracnet.com could be accessed upon request, allowing consumers to send and receive personal emails and to access all old emails, as is standard and customary in the industry for internet services. Many of defendants' customers had tens of thousands of personal, private emails on defendants' servers dating back over a decade.

4.

Plaintiff Timothy Walton is an individual consumer residing in California. Like thousands of other consumers, plaintiff responded to defendants' advertisement by paying defendants a fee so he could access its services.

5.

**JURISDICTION AND VENUE**

This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $5 million. Venue is proper under 28 U.S.C. § 1391 because the bulk of defendants' advertising and sales in Oregon took place in the Portland metro area. This complaint's allegations are based on personal knowledge as to plaintiff's conduct and made on information and belief as to the acts of others.

6.

**FACTUAL ALLEGATIONS**

At all times material, defendants represented to the public that by paying defendants' service fee, consumers could have access to defendants' services upon request, to access the internet, access website hosting, and to send and receive emails using defendants' servers. As of September 29, 2017, defendants' services experienced a catastrophic global outage, and have since been largely offline and inaccessible to

their paying customers, causing their customers ascertainable losses of money, and loss of use of the services. See *Spirit One's collapse highlights online services' foibles*, The Oregonian, Mike Rogoway, October 26, 2017.

7.

On November 7, 2017, it was reported that defendants breached their legal duty to their customers by failing to use reasonable care to protect their data from unauthorized access by third parties. See *Spirit One gave subscriber access to other customers' emails*, The Oregonian, Mike Rogoway, November 7, 2017.

8.

In an attempt to increase profits, defendants cut corners and failed to maintain adequate technological safeguards to ensure its services would be online and available to access by their customers upon request, as advertised. Defendants knew that their failure to protect their customers' data from unauthorized access would cause serious risk of invasion of privacy, credit harm and identity theft for years to come.

9.

Defendants' ongoing failure to deliver their services to their customers as advertised has caused plaintiff and the putative class severe, ongoing frustration and ascertainable economic losses including

**COMPLAINT** – Page 5 of 15

loss of use of defendants' services, loss of service fees paid to defendants, and loss of the expense of needing to immediately switch to a new internet service provider.

10.

A Facebook group created by defendants' customers and dedicated to "Acarnet & SpiritOne Refugees" has over 100 active members. The group describes itself as a place not controlled by SpiritOne for those impacted by the ongoing outage to discuss the problem.



**COMPLAINT** – Page 6 of 15

11.

Defendants initially denied an outage had occurred at all when questioned, then later falsely advertised that their services had been restored. As of the date of this complaint, defendants' customers still remain unable to access defendants' services as advertised, and many customers still cannot access all their prior emails as advertised, and many remain unable to access their email accounts and website hosting services at all. As alleged in this complaint, defendants intentionally misrepresented the quality, uses, benefits, and accessibility of their services, knowingly failed to disclose that their servers were defective with respect to the access they could provide consumers, and knowingly failed to disclose that their services would materially fail to conform to the quality, uses, benefits, and accessibility as advertised for a prolonged period of time.

12.

## CLASS ALLEGATIONS

Plaintiff files this complaint as a national class action lawsuit. The class consists of consumers who:

**a)** Viewed defendants' advertisement for services and paid defendants a service fee to receive defendants' services, and

**b)** Who were unable to access defendants' services as advertised after September 29, 2017 as alleged in this complaint.

13.

Excluded from the class are all attorneys for the class, officers and members of Telecomputer Services, Inc., including officers and members of any entity with an ownership interest in Telecomputer Services, Inc. or its parent or subsidiary companies, any judge who sits on the case, and all jurors and alternate jurors who sit on the case.

14.

The exact number of aggrieved consumers, which defendants have previously claimed may exceed 7,000, can be determined based on defendants' customer records and data.

15.

Every aggrieved consumer misled by defendants' advertisement as alleged in this complaint suffered an actual ascertainable loss of service fees they paid to defendants. But for defendants' false representations as alleged in this complaint and their failure to disclose known defects and nonconformities of their services, plaintiff and the members of the putative class would not have paid defendants any money and would have instead used a different internet service provider.

16.

Defendants' behavior as alleged in this complaint willfully violated the UTPA, including ORS 646.608(1) (b), (e), (g), (i), and (t). This UTPA violation is common to the putative class.

17.

The class is so numerous that joinder is impracticable. Upon information and belief, the class includes thousands of members, based on defendants' public statements about the size of its customer base.

18.

Common questions of fact and law predominate over any questions affecting only individual class members. Common questions include whether plaintiff and the class members are entitled to equitable relief, whether defendants acted willfully, recklessly,

**COMPLAINT** – Page 9 of 15

knowingly, and intentionally, whether plaintiff and the class members are entitled to recover actual damages or statutory damages or punitive damages from defendants, and whether plaintiff and the class are entitled to recover fees and costs for defendants' UTPA violation.

19.

Plaintiff's claims are typical of the claims of the class because each was misled by defendants' false representations and failures to disclose, the injuries suffered by plaintiff and the class members vary only in the amount of service fees collected by defendants, and plaintiff's claim for relief is based upon the same legal theories as are the claims of the other class members. Plaintiff will fairly and adequately protect and represent the interests of the class because his claim is typical of the claims of the class, he is represented by nationally known and locally respected attorneys who have experience handling class action litigation and consumer protection cases who are qualified and competent, and who will vigorously prosecute this litigation, and their interests are not antagonistic or in conflict with the interests of the class.

20.

A class action is superior to other methods for fair and efficient adjudication of this case because common questions of law and fact predominate over other factors affecting only individual members, as

far as plaintiff knows, no class action that purports to include customers suffering the same injury has been commenced, individual class members have little interest in controlling the litigation, due to the high cost of actions, the relatively small amounts of damages, and because plaintiff and his attorneys will vigorously pursue the claims. The forum is desirable because the bulk of defendants' advertising and sales in Oregon took place in the Portland metro area. A class action will be an efficient method of adjudicating the claims of the class members who have suffered relatively small damages, as a result of the same conduct by defendants. In the aggregate, class members have claims for relief that are significant in scope relative to the expense of litigation. The availability of defendants' customer records and data will facilitate proof of class claims, processing class claims, and distributions of any recoveries.

21.

## NATIONAL CLASS CLAIMS FOR RELIEF

### – Claim 1 –

### VIOLATION OF ORS 646.608

Defendants willfully, recklessly, knowingly and intentionally violated ORS 646.608 as alleged above, causing plaintiff and the class ascertainable losses.

22.

Plaintiff and the class are entitled to equitable relief in the form of an accounting, restitution, and unless agreed upon by defendants, an order to preserve all email and customer data and documents and information (and electronically stored information) pertaining to this case. Plaintiff and the class are entitled to recover actual damages or $200 statutory damages, whichever is greater, interest and fees and costs under ORS 646.638. Defendants' violation of the UTPA as alleged above was reckless, in pursuit of profit, and constituted a wanton, outrageous and oppressive violation of the right of consumers to be free from unlawful trade practices. Plaintiff and the class are entitled to recover punitive damages under ORS 646.638.

23.

– **Claim 2** –

**UNJUST ENRICHMENT**

As a matter of justice and equity, defendants should not be able to retain the service fees they charged plaintiff and the class for services that were never provided or received as advertised. Plaintiff and the class are entitled to restitution based on defendants' unjust enrichment as alleged in this complaint.

24.

Demand for jury trial.

## PRAYER FOR RELIEF

Plaintiff seeks relief for himself and the proposed class as follows:

A. Unless agreed upon by defendants, an order to preserve all customer emails and data and documents and information (and electronically stored information) pertaining to this case,

B. An order certifying this matter as a class action,

C. Judgment against defendants for actual, statutory, and punitive damages, interest, and reimbursement of fees and costs,

D. And other relief the Court deems necessary.

November 9, 2017

                                       **RESPECTFULLY FILED,**

                                       s/ Michael Fuller
                                       **Michael Fuller, OSB No. 09357**
                                       Lead Attorney for Plaintiff
                                       Olsen Daines PC
                                       US Bancorp Tower
                                       111 SW 5th Ave., Suite 3150
                                       Portland, Oregon 97204
                                       michael@underdoglawyer.com
                                       Direct 503-201-4570

(additional counsel information on next page)

**COMPLAINT** – Page 14 of 15

| | |
|---|---|
| **Rex Daines, OSB No. 952442**<br>Of Attorneys for Plaintiff<br>Olsen Daines PC<br>US Bancorp Tower<br>111 SW 5th Ave., Suite 3150<br>Portland, Oregon 97204<br>rdaines@olsendaines.com<br>Phone 503-362-9393 | **Kelly Jones, OSB No. 074217**<br>Of Attorneys for Plaintiff<br>kellydonovanjones@gmail.com |

**Robert Le, OSB No. 094167**
Of Attorneys for Plaintiff
rl@robertlelaw.com

## PROOF OF MAILING

Under ORS 646.638(2), I declare and certify that on the date below I caused a copy of this complaint to be mailed to the Oregon Attorney General at the following address:

**Ellen Rosenblum**
**Oregon Attorney General**
**Oregon Department of Justice**
**1162 Court Street NE**
**Salem, Oregon 97301-4096**

November 9, 2017

s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Attorney for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570